**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Thomas DROST, Defendant– Appellant.**

No. 07–30499.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Oct. 28, 2008.

Marcia Kay Hurd, Esquire, Assistant U.S., Office of the U.S. Attorney, Billings, MT, Michael S. Lahr, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Assistant Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, for Defendant– Appellant.

Before: SILVERMAN, McKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM *

Richard Thomas Drost appeals his conviction and sentence for attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and attempted possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He argues the Double Jeopardy Clause forbids the court from convicting and sentencing him for both counts because possession of child pornography is a lesser-included crime of receipt of child pornography. We have jurisdiction under 28 U.S.C. § 1291 and review for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Olano,* 507 U.S. 725, 730–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (defining limitations on a reviewing court's authority to correct plain error).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In light of *United States v. Davenport,* 519 F.3d 940 (9th Cir.2008), and *United States v. Giberson,* 527 F.3d 882 (9th Cir. 2008), the district court plainly erred when it convicted and sentenced Drost, based on the same conduct, for both receipt of child pornography and possession of child pornography. (We note that the district court did not have the benefit of these cases, as the proceeding in the district court occurred months before the publication of *Davenport* and *Giberson*). Possession of child pornography is a lesser-included offense of receipt of child pornography. *See Davenport,* 519 F.3d at 947. The Double Jeopardy Clause does not permit convictions for both the greater and necessarily-included lesser offenses when the convictions arise from the same conduct. *See id.* at 942.

We reverse and remand to the district court with instructions to vacate Drost's conviction for possession of child pornography. Counsel agreed at oral argument that there is no need for the district court to resentence Drost. Drost's conviction and sentence for receipt of child pornography should remain intact.

**REVERSED AND REMANDED.**